838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen MOORE, Defendant-Appellant.
 No. 87-5113.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 4, 1988.
Decided: Feb. 3, 1988.
 
 Michael Peter Kozak (Zerkin & Kozak on brief) for appellant.
 Roger William Frydrychowski, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After a jury trial Glen Moore, the appellant, was convicted of knowingly receiving a firearm after having been convicted of a felony, in violation of 18 U.S.C. Sec. 922(h)(1).
 
 
 2
 The appellant was a passenger in an automobile owned by appellant's cousin which was at the time being driven by Michael Connor in the City of Richmond. The car was stopped by officers for failure to have a city sticker displayed, a violation of the Richmond City Code. When Connor, the driver, got out of the car a .357 magnum revolver was observed by the officers in plain view on the front seat beside where Connor had been sitting. Another officer approached the car on the other side where the appellant was seated. This officer asked the appellant to get out of the car, and when the officer started a pat-down frisk of appellant, he saw a part of the butt-end of another revolver sticking out from underneath the passenger seat where the appellant had been sitting. When the officer pulled the revolver from underneath the seat it was found to be another .357 magnum revolver. The officer then continued the pat-down of the appellant and felt in appellant's right front pocket. He reached in the pocket and withdrew five rounds of Federal .357 magnum hollow point ammunition.
 
 
 3
 At this point, a hostile crowd had gathered about the car and, while the officers were dispersing the crowd, the appellant disappeared.
 
 
 4
 The officers began an investigation. They discovered that the appellant was a convicted felon, and that the two revolvers and a box of Federal .357 hollow point ammunition had been purchased on the same day of the stop by appellant's brother. Apparently the appellant had not purchased the revolvers and ammunition himself because of his prior felony conviction. On this record, the appellant was arrested and charged with knowingly receiving a firearm after having been convicted of a felony.
 
 
 5
 At trial, the appellant sought to suppress the magnum shells discovered on his person by the officer when he patted the appellant down after the automobile was stopped. The motion to suppress was overruled. The appellant at the conclusion of the trial moved for judgment of acquittal for want of substantial evidence to connect him with the firearm. The motion was denied and the cause was submitted to the jury, which returned a verdict of guilty. The appellant has now appealed his conviction, assigning as error the denial of his motion to suppress and his motion for judgment of acquittal.
 
 
 6
 We find no error in the decision of the district court in denying the motion to suppress and even if there had been error, it would have been harmless in view of the overwhelming evidence of the appellant's guilt. Further, there was ample, relevant evidence in this case from which the jury could reasonably have found the appellant guilty, and we find no error in the rulings of the district court in this case.
 
 
 7
 Accordingly, we affirm the judgment of conviction of the appellant Glen Moore.
 
 
 8
 AFFIRMED.